UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TIMOTHY TIDWELL, Individually, | § § § | |
| Plaintiff, | § § | CASE NO. _____ |
| vs. | § § | NO JURY |
| WINDWARD PARTNERS II, LTD., a Texas Limited Partnership, and PNS STORES, INC., a California Corporation, | § § § § | Magistrate Requested |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
(Injunctive Relief and Damages Demanded)

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, TIMOTHY TIDWELL, on his behalf and on behalf of all other mobility impaired and blind individuals similarly situated ("Plaintiff"), and hereby sues the Defendants, WINDWARD PARTNERS II, LTD., a Texas Limited Partnership, and PNS STORES, INC., a California Corporation, ("Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and for declaratory relief and damages pursuant to the Texas Human Resources Code, Section 121.003, *et seq.*

**COUNT I**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12181, *et seq.***

**I. PARTIES**

1. Plaintiff, TIMOTHY TIDWELL, is an individual residing in Atlanta, GA, in the County of Fulton.

2. Defendant WINDWARD PARTNERS II, LTD. is the owner and/or operator of the San Antonio Markplace, and is located at 1739 SW Loop 410, San Antonio, TX 78227, in the County of Bexar.

3. Defendant PNS STORES, INC.'s is the owner and/or operator of Big Lots, and is located in the San Antonio Markplace, at 1739 SW Loop 410, San Antonio, TX 78227, in the County of Bexar.

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction in this action. This Court has been given original jurisdiction over actions arising from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. This Court has supplemental jurisdiction over Plaintiff's State Court claim, pursuant to 28 U.S.C. § 1367.

6. Venue is properly in the United States District Court for the Western District of Texas because venue lies in the judicial district of the property situs. The Defendants' properties are located in the Western District of Texas and the Defendants conduct business within this judicial district.

## III. STATUTORY BACKGROUND

7. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of goods, services, facilities, privileges, and access to places of public accommodation.

8. Among other things, Congress made findings in 42 U.S.C. § 12101 (a)(1)-(3), (5) and (9) that included:

2

   a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   c. Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting and access to public services;

   d. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs or other opportunities; and

   e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

9. Congress also explicitly stated in 42 U.S.C. § 12101 (b)(1)(2) and (4) that the purpose of the Americans with Disabilities Act was to:

   1. Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

3

2. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

3. Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

10. Furthermore, pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), Congressional intent was for no place of public accommodation to discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

11. Congress provided commercial businesses at least 18 months from enactment make their facilities compliant to the regulations in the Americans with Disabilities Act. The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 CFR 36.508(a).

## IV. THE PARTIES AND STANDING

12. Plaintiff TIMOTHY TIDWELL is sui juris and qualifies as an individual with disabilities as defined by the ADA. Mr. Tidwell has a history of severe knee arthritis which requires him to use a wheelchair to ambulate. Mr. Tidwell goes to San Antonio to visit with friends, to advocate for disabled rights, and to enjoy the numerous tourist attractions the city offers. While at the Defendants' properties, the Plaintiff encountered architectural barriers that endangered his safety. TIMOTHY TIDWELL has visited the property, which forms the basis of this lawsuit, and desires to return to the property in the near future to avail himself of the goods and services offered to the public at the property, and to confirm the property is brought into

4

compliance with the ADA.

13. The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

14. Defendants own; lease; lease to; or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The places of public accommodations that the Defendants own, operate, lease or lease to are known as San Antonio Marketplace and Big Lots, and located at 1739 SW Loop 410, San Antonio, TX 78227.

15. TIMOTHY TIDWELL has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the properties as described but not necessarily limited to the allegations in paragraph 17 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. TIMOTHY TIDWELL desires to visit San Antonio Markplace and Big Lots, not only to avail himself of the goods and services available at the properties but to assure himself that these properties are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

16. The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq., and more specifically as set forth in paragraph 17, by denying him a safe accessible route throughout the property, including but not limited to, a continuing safe path of travel, and inaccessible and dangerous curb ramps, a dangerous and inaccessible walking surface, a lack of

level landings to safely enter tenant spaces, by providing inaccessible disabled parking spaces that are not located on the shortest accessible route, and by providing inaccessible restroom accommodations in Big Lots.

## THE INSTANT CLAIM

17. The Defendants have discriminated and are continuing to discriminate against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993 if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). The preliminary inspections of the San Antonio Markplace and Big Lots have shown that violations exist. These violations personally encountered or observed by Mr. Tidwell include, but are not limited to:

### Accessible Route

A. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 206.2.1 and 206.2.2 of the 2010 Standards, which remedy is readily achievable.

B. There are entrance doors at this facility that do not provide compliant directional and informational signage, including the International Symbol of Accessibility, in violation of Sections 216.6 and 703.7.2.1 of the 2010 Standards, which remedy is readily achievable.

C. There are curb ramps that contain running slopes greater than the maximum allowance in Section 405.2 of the 2010 Standards, which remedy is readily achievable.

D. The curb ramps have side flares that have slopes steeper than the maximum allowance in Section 406.3 of the 2010 Standards, which remedy is readily achievable.

E. The curb ramps have uneven surfaces, as well as, a change in level at the terminus of the ramp, violating Sections 303.3 and 405.4 of the 2010 Standards, which remedy is readily achievable.

F. The walking surfaces contain cross slopes greater than the maximum allowance in Section 403.3 of the 2010 Standards, which remedy is readily achievable.

G. The walking surfaces also contain running slopes greater than the maximum allowance in Section 403.3 of the 2010 Standards, which remedy is readily achievable.

H. The ramps on the walking surface do not provide the required handrails on both sides as per Sections 405.8 and 505.2 of the 2010 Standards, which remedy is readily achievable.

I. There are changes in level greater than ½" along the accessible route in violation of Section 303.3 of the 2010 Standards, which remedy is readily achievable.

J. There is no level landing within the required maneuvering clearance at some of the entrance doors to the facility, in violation of Section 404.2.4 of the 2010 Standards, which remedy is readily achievable.

**General Sites and Building Elements**

K. The designated accessible parking spaces are not dispersed and located on the shortest accessible route closest to the accessible entrance in violation of Section 208.3.1 of the 2010 Standards, which remedy is readily achievable.

L. There are some designated accessible parking spaces with access aisles that do not lead to an accessible route in violation of Section 502.3 of the 2010 Standards, which remedy is readily achievable.

M. The striped accessible van parking space does not have the required signage designating it as reserved "Van" accessible parking, in violation of Sections 208.2.4 and 502 of the 2010 Standards, which remedy is readily achievable.

N. Some of the signs identifying the designated accessible parking spaces are not mounted 60" above the grounds surface to the bottom of the sign in violation of Section 502.6 of the 2010 Standards, which remedy is readily achievable.

O. Some of the designated accessible parking spaces have faded paint and have not been maintained, in violation of Section 36.211 of the 2010 Standards, which remedy is readily achievable.

P. There are designated accessible parking spaces that have slopes and cross slopes in excess of the maximum allowance pursuant to Section 502.4 of the 2010 Standards, which remedy is readily achievable.

**BIG LOTS**

Q. There are dispensers provided in the restrooms with controls outside the reach ranges prescribed in Sections 308 and 606.1 of the 2010 Standards, which remedy is readily achievable.

R. The mirror's reflecting surface is mounted above the maximum height allowance in violation of Section 603.3 of the 2010 Standards, which remedy is readily achievable.

S. The toilet compartment door is not self-closing and does not provide door pulls on both sides as required in Sections 604.801.2 and 404.2.7 of the 2010 Standards, which remedy is readily achievable.

T. The coat hook on the toilet compartment door is mounted outside the reach range pursuant to Sections 603.4 and 308 of the 2010 Standards, which remedy is readily achievable.

U. The size of the toilet compartment does not provide the minimum clear floor space as prescribed in Section 604.8.1.1 of the 2010 Standards, which remedy is readily achievable.

V. The trash receptacle obstructs the clear floor space to access the paper towel dispenser in violation of Section 305.3 of the 2010 Standards, which remedy is readily achievable.

W. There is no insulation wrap provided for the lavatory drain and water supply lines in violation of Section 606.5 of the 2010 Standards, which remedy is readily achievable.

18. All of the foregoing violations are violations of the 1991 Americans with Disabilities Act Guidelines, and the 2010 ADA Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

19. The discriminatory violations described in paragraph 17 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

20. The individual Plaintiff, and all other individuals similarly situated have been

denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

21. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodations or commercial facilities in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

22. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their places of public accommodations that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' places of public accommodations since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible,

that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendants' facilities are ones which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

23. Appendix A to Part 36 - Standards for Accessible Design (28 CFR Part 36, App. A), sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

24. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

25. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

26. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

27. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff Injunctive Relief including an order to alter the San Antonio Markplace and Big Lots to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendants

cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.  The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

b.  Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF TEXAS STATE LAW AGAINST DISCRIMINATION

28.  Plaintiff re-alleges and re-avers all prior allegations of this Complaint, as if fully contained herein.

29.  Section 121.003 of the Texas Human Resources Code prohibits discrimination on the basis of disability. Such discrimination includes, *inter alia*: refusing to allow a person with a

disability the use of or admittance to a public facility; failing to comply with the requirements of the Texas Architectural Barriers Act (recodified at Tex. Gov't. Code § 469.001, *et seq.* as Elimination of Architectural Barriers); failing to make reasonable accommodations in policies, practices and procedures; or failing to provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility.

30. The facilities owned and/or operated by Defendants are a "public facility" per the definition contained in Section 121.002(5) of the Texas Human Resources Code.

31. Section 121.004 of the Texas Human Resources Code provides that any person, firm, association, corporation, or other organization that violates the provisions of Section 121.003 is deemed to have deprived a person with a disability of his or her civil liberties.

32. Section 121.004 of the Texas Human Resources Code further provides that a person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction and conclusively presumes damages in the amount of at least $300.00.

33. Defendants have discriminated, and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the subject properties in derogation of the Texas Human Resources Code § 121.003.

34. The Plaintiff has been unable to and continues to be unable to fully and safely enjoy the benefits of the goods and services offered at the subject properties, in violation of the ADA and the Texas Architectural Barriers Act.

35. Defendants are in violation of the Texas Architectural Barriers Act (Tex. Gov't Code § 469, *et. seq.*) and is discriminating against the Plaintiff as set forth herein.

36. As a result of the aforementioned discrimination, Plaintiff Timothy Tidwell has

sustained emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the ADA and the Texas Architectural Barriers Act.

**WHEREFORE,** the Plaintiff demands judgment against Defendants as follows:

a. That the Court declare that the properties owned and administered by Defendants are violative of Texas Human Resources Code § 121.003;

b. That the Court award compensatory damages to Plaintiff in such an amount as the Court deems just and proper;

c. That costs be taxed to Defendants; and

d. That the Court award such other and further relief as it deems necessary, just and proper.

                                                          Respectfully submitted,

                                                          _____
                                                          Abraham Levit, Esq., Attorney in Charge
                                                          ABRAHAM LEVIT, ATTORNEY AT LAW
                                                          Texas Bar No. 12258700
                                                          1001 West Loop South, Suite 880
                                                          Houston, TX 77207
                                                          (713) 888-0711 – telephone
                                                          (281) 652-5822 – facsimile
                                                          alevitatty@gmail.com

                                                          John P. Fuller, Esq., Attorney in Charge
                                                          FULLER, FULLER & ASSOCIATES, P.A.
                                                          FL Bar No. 0276847
                                                          12000 Biscayne Blvd., Suite 502
                                                          North Miami, FL 33181
                                                          (305) 891-5199 - telephone
                                                          (305) 893-9505 - facsimile
                                                          jpf@fullerfuller.com

                                                          Counsel for Plaintiff

#4920-Winward Partners II, Ltd. Complaint (slm 8-10-16)